Milligan, Justice:

I concur in the opinion just announced by the Chancellor, so far as relates to what I conceive to be the main question in the cause; namely, whether the writ of mandamus will lie in any case to restore a minister to his clerical rights and functions, where there are no fees or emoluments attached to his office ?
*128 With regard to the other causes of error that have been assigned, namely, the insufficiency of the return, and the rehearing by the Court, after the rule had been once discharged, I deem it unnecessary to consider them, as the ground first alluded to ought, in my judgment, to control the decision of the case. That is, that the writ of mandamus can only be resorted to for the enforcement of a legal right, and not for timóse of a purely ecclesiastical character. So far as I have looked into the authorities, both in England and this country, they.fully sustain this, position ; and, according to the affidavit of the relator, the present is precisely s,uch a case. . The facts show that Ellis Sanders, although a duly constituted preacher, appointed by the Yearly G-eneral Conference, and accepted by the trustees and a majority of the congregation of the “ Union Church of Africans,” under' their rules of discipline, to occupy their pulpit, was not entitled to receive any fixed stipend or salary for his services. Beyond the voluntary contribution of the religious society for which he officiated - as pastor,- he Was in the receipt of no pay, emolument, or compensation. . If, then, he was debarred from the use of any right or privilege, it was simply of his right as elder minister to occupy the pulpit and preach to the congregation constituting the “Union Church of Africans,” and not of any legal or temporal rights. To restore him to his pastoral functions, was the sole object sought to be attained by the application for this writ, which unadvisedly issued; and I am therefore in favor, upon the ground I have stated, of reversing the judgment of the Court below.